# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

VINCENT SHARNEE JOHNSON
#7342-08                                                                                                      PLAINTIFF

V.                                    5:08CV00181 JLH/JTR

MIKE HURST, Chief; and
ADAMS, Captain,
W.C. Dub Brassell Detention Center                                                       DEFENDANTS

## ORDER

Plaintiff, who is currently being held at the Pulaski County Detention Center, has filed a *pro se*[1] § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #1. The filing fee for commencing a § 1983 action in federal court is $350. However, Plaintiff has neither paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

$350 filing fee in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis,*[3] along with a properly completed prisoner calculation sheet.[4]

IT IS THEREFORE ORDERED THAT:

1.	The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis* along with a prisoner calculation sheet.

2.	Plaintiff shall, **within thirty days of the entry of this Order**, either: (1) pay the $350 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.

---

[2] Any such payment should clearly indicate that it is for payment of the filing fee in *"Johnson v. Hurst*; 5:08CV00181."

[3] The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] The prisoner calculation sheet must be prepared and executed by an authorized official at the incarcerating facility. The prisoner calculation sheet will reflect the deposits and monthly balances of the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee, if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. *Id.* § 1915(b)(1) and (2).

3. Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 1st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE