**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

VINCENT SHARNEE JOHNSON
#7342-08                                                                                    PLAINTIFF

V.                                          5:08CV00181 JLH/JTR

MIKE HURST, Chief; and
ADAMS, Captain,
W.C. Dub Brassell Detention Center                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy

will be furnished to the opposing party. Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently being held at the Pulaski County Detention Facility ("PCDF"), has filed a *pro se* § 1983 Complaint alleging that Defendants have violated his constitutional rights.  *See* docket entry #1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the Complaint be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II.  Discussion

In his Complaint, Plaintiff alleges that, during his June 24, 2008 transfer from the W.C. Dub Brassell Detention Center to the PCDF, Defendants Chief Jailer Mike Hurst and Captain Adams infringed his constitutional rights when they refused to return to Plaintiff a check for $23.05.  *See* docket entry #1.

It is well settled that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property so long as the State provides some sort of post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984).  In this case, Plaintiff has the adequate post-deprivation remedy of filing a conversion action against Defendants in state court.  *See, e.g., Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision ) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action against the county employees in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same); *Butler v. Smith*, Case No. 00-1331, 2000 WL 268505 (8th Cir. Mar. 13, 2000) (unpublished decision) (same).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Complaint (docket entry #1) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

     2.     Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

     3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

     Dated this 29th day of July, 2008.

                           _____
                           UNITED STATES MAGISTRATE JUDGE